UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff

ANDREW WILLIAMS,

                Plaintiff,

-v-

P. ESSEX; E. NOVOA; F. FOSTER,

                Defendants.

No. 19-CV-11545 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, appearing pro se, brings this Action under 42 U.S.C. § 1983, alleging that Defendants failed to release him from incarceration at Woodbourne Correctional Facility for months after he was approved for release to parole. By Order dated December 20, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").

## I. Standard of Review

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citations and quotation marks omitted) (emphasis in original).

## II. Discussion

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and Complaint until the Court reviewed the Complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants New York State Department of Correction and Community Supervision ("DOCCS") Offender Rehabilitation Coordinators E. Novoa and F. Foster, and Offender Rehabilitation Supervisor Paul Essex through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

2

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

### III. Conclusion

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants E. Novoa, F. Foster, and Paul Essex, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 24, 2020
       White Plains, New York

                                                  KENNETH M. KARAS
                                                  United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. E. Novoa, Offender Rehabilitation Coordinator
   Woodbourne Correctional Facility
   99 Prison Road
   P.O. Box 1000
   Woodbourne, NY 12788

2. F. Foster, Offender Rehabilitation Coordinator
   Woodbourne Correctional Facility
   99 Prison Road
   P.O. Box 1000
   Woodbourne, NY 12788

3. Paul Essex, Offender Rehabilitation Supervisor
   Woodbourne Correctional Facility
   99 Prison Road
   P.O. Box 1000
   Woodbourne, NY 12788