UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ANDREW WILLIAMS,                                   :
                                                   :          Case No. 19 Civ. 11545 (PMH)
                                Plaintiff,          :
                                                   :
                - against -                         :
                                                   :
P. ESSEX, et. al.,                                 :
                                                   :
                                Defendants.         :
-------------------------------------------------------------- X


### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT


LETITIA JAMES
Attorney General
State of New York
*Attorney for the Served Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8591


JOHN R. DORAN
Assistant Attorney General
    *of Counsel*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF THE ALLEGATIONS ...........................................................................2

STANDARD OF REVIEW ..................................................................................................3

ARGUMENT........................................................................................................................4

POINT I         THE AMENDED COMPLAINT FAILS TO STATE ANY CLAIM FOR RELIEF ....................................................................................................................4

    A.       Plaintiff Fails to State an Eighth Amendment Claim .............................5

    B.       Plaintiff Fails to State a Due Process Claim...........................................8

    C.       Plaintiff Fails to State a Retaliation Claim ..........................................10

    D.       Plaintiff Fails to State an Equal Protection Claim ................................11

POINT II       PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR LACK OF PERSONAL INVOLVEMENT BY THE DEFENDANTS................................13

POINT III      PLAINTIFF'S STATE-LAW CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY STATE LAW.............................................................16

POINT IV     PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE ELEVENTH AMENDMENT .............16

POINT V      DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ...................17

POINT VI     PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF SHOULD BE DISMISSED ........................................................................................................19

CONCLUSION...................................................................................................................19

# TABLE OF AUTHORITIES

CASES                                                                                    Page(s)

*Anderson v. Creigton,*
    483 U.S. 635 (1987) .......................................................................................... 17

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..................................................................................... passim

*Baker v. Coughlin,*
    77 F.3d 12 (2d Cir. 1996) ................................................................................. 16

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...................................................................................... 3-4

*Brims v. Burdi,*
    No. 03-CV-3159, 2004 WL 1403281 (S.D.N.Y. June 23, 2004) ........................... 6

Calhoun v. New York State Div. of Parole Officers,
    999 F.2d 647 (2d Cir. 1993) .............................................................................. 6

*Ciaprazi v. Jacobson,*
    No. 13-cv-4813 (PAC), 2014 WL 5050591 (S.D.N.Y. Sept. 22, 2014) ............... 16

*Colon v. Coughlin,*
    58 F.3d 865 (2d Cir. 1995) ............................................................................. 13

*County of Sacramento v. Lewis,*
    523 U.S. 833 (1998) ........................................................................................ 17

*Crichlow v. Fischer,*
    No. 12 Civ. 7774, 2015 WL 678725 (S.D.N.Y. Feb. 17, 2015) ......................... 15

*D'Angelo v. Annucci,*
    No. 16 Civ. 6459, 2017 WL 6514692 (S.D.N.Y. Dec. 19, 2017)...................... 6-7

*Davis v. New York,*
    316 F.3d 93 (2d Cir. 2002) .............................................................................. 17

*Davis v. Scherer,*
    468 U.S. 183 (1984) ......................................................................................... 9

*Doe v. Simon,*
    221 F.3d 137 (2d Cir. 2000) ...................................................................... 5-6, 18

*Dawes v. Walker,*
    239 F.3d 489 (2d Cir. 2001) ............................................................................ 10

*Francis v. Fiacco,*
    942 F.3d 126 (2d Cir. 2019) ............................................................................. 5

*FSK Drug Corp. v. Perales,*
    960 F.2d 6 (2d Cir. 1992) ............................................................................... 12

*Gagliardi v. Village of Pawling,*
    18 F.3d 188 (2d Cir. 1994) ............................................................................. 12

*Giano v. Selsky,*
    238 F.3d 223 (2d Cir. 2001) ............................................................................ 8

*Graham v. Henderson,*
    89 F.3d 75 (2d Cir. 1996) ............................................................................... 11

*Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,*
    442 U.S. 1 (1979) .............................................................................................. 9

*Grullon v. City of New Haven,*
    720 F.3d 133 (2d Cir. 2013) ........................................................................... 13

*Gunst v. Seaga,*
    No. 05 Civ. 2626, 2007 WL 1032265 (S.D.N.Y. March 30, 2007) ..................... 4

*Hayes v. Annucci,*
    No. 14 Civ. 8845 (NSR), 2016 WL 1746109 (S.D.N.Y. Apr. 29, 2016) ......... 6, 18

*Hernandez v. Keane,*
    341 F.3d 137 (2d Cir. 2003) ........................................................................... 15

*Holland v. City of New York,*
    197 F. Supp. 3d 529 (S.D.N.Y. June 24, 2016) ................................................. 9

*Hudson v. McMillian,*
    503 U.S. 1 (1992) .............................................................................................. 5

*Jackson v. County of Rockland,*
    450 Fed. Appx. 15 (2d Cir. 2011) ..................................................................... 4

*Jones v. Goord,*
    435 F. Supp. 2d 221 (S.D.N.Y. 2006) ............................................................... 8

*Kassner v. 2nd Ave. Delicatessen Inc.,*
    496 F.3d 229 (2d Cir. 2007) .................................................................... passim

*Lozada v. Warden Downstate Corr. Facility,*
No. 10–CV–8425, 2012 WL 2402069 (S.D.N.Y. June 26, 2012) ..................................... 6, 15

*Luckett v. Bure,*
290 F.3d 493 (2d Cir. 2002) ..................................................................................................4

*Macias v. Zenk,*
495 F.3d 37 (2d Cir. 2007) ..................................................................................................18

*McIntosh v. United States,*
No. 14 Civ. 7889, 2016 WL 1274585 (S.D.N.Y. Mar. 31, 2016).........................................15

*Makarova v. U.S.,*
201 F.3d 110 (2d Cir. 2000) ..................................................................................................4

*Malik v. Meissner,*
82 F.3d 560 (2d Cir. 1996) ..................................................................................................4

*Malley v. Briggs,*
475 U.S. 335 (1986) ............................................................................................................17

*Mateo v. Fischer,*
682 F. Supp. 2d 423 (S.D.N.Y. Feb. 8, 2010) ...............................................................14-15

*Morales v. Mackalm,*
278 F.3d 126 (2d Cir. 2002) ..............................................................................................10

*Olutosin v. Lee,*
No. 14-CV-685 (NSR), 2016 WL 2899275 (S.D.N.Y. May 16, 2016) ................................16

*Pearson v. Callahan,*
555 U.S. 223 (2009) ............................................................................................................17

*Pennhurst State Sch. & Hosp. v. Halderman,*
465 U.S. 89 (1984) ..............................................................................................................17

*People ex rel. Delgado v. Superintendent, Fishkill Corr. Facility,*
65 Misc. 3d 1218(A), 119 N.Y.S.3d 390 (S. Ct. Dutchess Co. Sept. 16, 2019)......................6

*People ex rel. Durham v. Dep't of Corr. & Cmty. Supervision*,
63 Misc. 3d 192 (S. Ct. Wyoming Co. July 27, 2018), *aff'd sub nom. People ex
rel. Durham v. Annucci*, 170 A.D.3d 1634 (4th Dept 2019), *leave to appeal
dismissed*, 33 N.Y.3d 1008 (2019)........................................................................................7

*People ex rel. Winters v. O'Meara,*
  63 Misc. 3d 1208(A), 114 N.Y.S.3d 581 (S. Ct. St. Lawrence Co. March 28,
  2019) ........................................................................................................................7

*Peterson v. Tomaselli,*
  469 F. Supp. 2d 146 (S.D.N.Y. Jan. 16, 2007) .........................................13-14, 18

*Pollnow v. Glennon,*
  757 F.2d 496 (2d Cir. 1985) ....................................................................................9

*Porat v. Lincoln Towers Community Ass'n.,*
  No. 04-cv-3199 (LAP), 2005 WL 646093 (S.D.N.Y. Mar. 17, 2005) ...................19

*Quern v. Jordan,*
  440 U.S. 332 (1979) ..............................................................................................17

*Reynolds v. Barrett,*
  685 F.3d 193 (2d Cir. 2012) ..................................................................................12

*Salvatierra v. Connolly,*
  No. 09 Civ. 3722, 2012 WL 996944 (S.D.N.Y. Feb. 29, 2012), *report and
  recommendation adopted*, 2012 WL 1003562 (S.D.N.Y. Mar. 26, 2012)..............11

*Saucier v. Katz,*
  533 U.S. 194 (2001) ...........................................................................................17-18

*Scott v. Coughlin,*
  344 F.3d 282 (2d Cir. 2003) ...............................................................................10-11

*Shipping Fin. Serv. Corp. v. Drakos,*
  140 F.3d 129 (2d Cir. 1998) ....................................................................................4

*Spear v. Hugles,*
  No. 08-CV-4026 (SAS), 2009 WL 2176725 (S.D.N.Y. July 20, 2009) ................13

*Swierkiewicz v Sorema N.A.,*
  534 U.S. 506 (2002) ...............................................................................................10

*Terranova v. N.Y. State Dep't of Corrs. & Comm. Supervision,*
  268 F. Supp. 3d 453 (W.D.N.Y. Aug. 3, 2017) .................................................15-16

*Tinsley v. Goord,*
  *No. 05 CIV 3921 (NRB), 2006 WL 2707324, (S.D.N.Y. Sept. 20, 2006)*............7-8

*Victory v. Pataki,*
  814 F.3d 47 (2016) ..................................................................................................9

*Washington v. Melis,*
    No. 16-CV-6469 (KMK), 2018 WL 2324079 (S.D.N.Y. May 22, 2018)..............................13

*Williams v. King,*
    56 F. Supp. 3d 308 (S.D.N.Y. Aug. 11, 2014)...................................................................11-12

*Wright v. Goord,*
    554 F.3d 255 (2d Cir. 2009) ...................................................................................................5

**FEDERAL STATUTES**

42 U.S.C. § 1983.......................................................................................................................passim

**NEW YORK STATE STATUTES**

*N.Y. Correct. Law § 24* ..............................................................................................................16

**Federal Rules of Civil Procedure**
Rule 12(b)(1) ..........................................................................................................................passim
Rule 12(b)(6) ..........................................................................................................................passim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
ANDREW WILLIAMS,                                    :
                                                    :    Case No. 19 Civ. 11545 (PMH)
                              Plaintiff,            :
                                                    :
                        - against -                 :
                                                    :
P. ESSEX, et. al.,                                  :
                                                    :
                              Defendants.           :
----------------------------------------------------------------- X

## PRELIMINARY STATEMENT

Defendants Supervisor Offender Rehabilitation Coordinator Paul Essex and Offender Rehabilitation Coordinator Elizabeth Novoa, (collectively "Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint, *Dkt. No. 14*, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]

*Pro se* plaintiff Andrew Williams brings this 42 U.S.C. § 1983 action, alleging he was denied a timely release, from incarceration at Woodbourne Correctional Facility, in violation of his Eighth Amendment and Due Process rights. *See A.C. at Summary*. Plaintiff also alleges an Equal Protection and retaliation claim. *Id*. For the reasons discussed below, it is respectfully requested that the Court dismiss: (1) Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), (2) all claims against the Defendants as Plaintiff has failed to plead their personal involvement, (3) all claims against the Defendants as they are protected by qualified immunity, and (4) such other and further relief as this Court deems just and proper.

---

[1] The Amended Complaint names seven additional defendants who have not yet been served. *See Dkt. No. 18*. The New York State Board of Sex Examiners was also named in the Amended Complaint but was dismissed on June 18, 2020 by Court Order. *Id.*

## STATEMENT OF THE ALLEGATIONS[2]

In 1984, Plaintiff was convicted of rape and robbery, in the first degree, of a 22-year-old woman while inside the woman's building. *A.C. at Plaintiff's Conviction*. Plaintiff received a sentence of 9 to 18 years which ran consecutive to another sentence, of 25 years, that the Plaintiff received for an unrelated robbery. *Id*. Sometime in June 2015, Plaintiff alleges that while incarcerated at Woodbourne Correctional Facility ("Woodbourne"), he was granted parole. *A.C. at Brief Statement*.

On August 15, 2015, Plaintiff claims that Offender Rehabilitation Coordinator ("ORC") Novoa informed the Plaintiff that, upon his release, he would report to Parole Officer ("PO") Watkins. *A.C. at Mr. R. Watkins*. Sometime in September 2015, after Plaintiff had been classified as a Level 3 sex offender by the Board of Examiners, *A.C. at Brief Background*, Plaintiff alleges that ORC Novoa purportedly informed the Plaintiff's stepsister, who lives in Virginia, that Plaintiff would not be able to live with her because she had children, who were under the age of eighteen, residing with her. *A.C. at Defendant Novoa*.

Sometime in October, November, and December 2015, Plaintiff claims he spoke with PO Watkins who allegedly informed the Plaintiff that he was in the process of finding suitable housing for the Plaintiff to reside at upon his release. *A.C. at Mr. R. Watkins*. Plaintiff alleges that housing was purportedly found and approved, by PO Watkins, in February 2016. *Id*. Plaintiff also claims that sometime in February 2016, he was recommended to obtain a surgery which Plaintiff claims was approved and scheduled to occur sometime in March 2016. *A.C. at Defendant Novoa*.

On March 11, 2016, Plaintiff alleges ORC Novoa told him that an address in which he could reside at, upon his release, was approved. *A.C. at Defendant Novoa*. Plaintiff admits,

---

[2] The facts in Plaintiff's Amended Complaint are recounted herein for purposes of this Motion only, without conceding their accuracy or plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

however, that he responded by informing ORC Novoa that he wanted to remain incarcerated until the he was able to obtain the previously scheduled surgery. *Id.* ORC Novoa allegedly cautioned the Plaintiff about remaining incarcerated for a surgery, but the Plaintiff admits that he responded, nonetheless, by stating he wanted to have the surgery before being released. *Id.*

Sometime in May 2016, Plaintiff claims that he inquired several times with Supervisor Offender Rehabilitation Coordinator ("SORC") Essex about his release who allegedly stated that he would look into the situation and get back to the Plaintiff, but never did. *A.C. at Defendant Essex.* Also, and sometime in May 2016, Plaintiff claims that SORC Essex purportedly ignored the Plaintiff as he was walking through the Plaintiff's facility. *Id.* In May and June 2016, Plaintiff claims he spoke with PO Watkins several more times who questioned why the Plaintiff was still incarcerated. *A.C. at Mr. R. Watkins.* On December 9, 2016, Plaintiff claims that Ms. Foster asked the Plaintiff "why are you still here [referring to Woodbourne]" and then purportedly informed the Plaintiff that she had nothing to do with his continued incarceration. *A.C. at Defendant Foster.*

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The pleading requirements under Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Twombly,* 550 U.S. at 555. Where a plaintiff has failed to "nudge[ his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.,* 201 F.3d 110, 113 (2d Cir. 2000). Unlike a Rule 12(b)(6) motion, a plaintiff opposing a Rule 12(b)(1) motion "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Id.; see also Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002); *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it*." Gunst v. Seaga,* No. 05 Civ. 2626, 2007 WL 1032265, at *2 (S.D.N.Y. March 30, 2007) (*quoting Shipping Fin. Serv. Corp. v. Drakos,* 140 F.3d 129 (2d Cir. 1998)).

While a *pro se* plaintiff's pleading must be "construe[d]...liberally", the complaint must allege more than "merely conclusory allegations masquerading as factual conclusions" in order to defeat a motion to dismiss. *Jackson v. County of Rockland*, 450 Fed. Appx. 15, 18, 19 (2d Cir. 2011). The Court need not accept allegations that lack factual foundation or are bare conclusions of law. *See Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 237 (2d Cir. 2007) (complaint inadequate if it "merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action").

## ARGUMENT

## POINT I

## THE AMENDED COMPLAINT FAILS TO STATE ANY CLAIM FOR RELIEF

Plaintiff asserts that his Eighth Amendment and Due Process rights were violated because of an alleged continued incarceration. Plaintiff fails, however, to make out any claim for relief,

including his purported retaliation and Equal Protection claims, that demonstrate he was deprived of any constitutional right. Instead, the Plaintiff merely recites the words from an Eighth Amendment, Due Process, retaliation, and Equal Protection claim in his Amended Complaint but provides no factual support other than conclusionary allegations. *See Kassner,* 496 F.3d at 237. Accordingly, the Plaintiff's claims should be dismissed for the reasons set forth below.

## A.  Plaintiff Fails to State an Eighth Amendment Claim.

The Amended Complaint fails to state an Eighth Amendment claim. "A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components—one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). Therefore, the Plaintiff must show that, objectively, "the alleged wrongdoing was . . . 'harmful enough' to establish a constitutional violation." *Id. (quoting Hudson v. McMillian,* 503 U.S. 1, 8, (1992) (Citations omitted).

Plaintiff's Eighth Amendment violation of cruel and unusual punishment fails because he does not allege that he was held past his maximum sentence. Significantly, Plaintiff does not even allege that after being granted parole he was given a parole release date. Instead, Plaintiff claims only that his parole release was delayed, *A.C. at Summary*, which the Second Circuit has left open the question of whether a delay in release to parole implicates any liberty interest. *See Francis v. Fiacco, 942 F.3d 126, 150 (2d Cir. 2019)* (holding "[n]o caselaw has clearly established either prong of the particular Eighth Amendment claim… [when a plaintiff] remained in prison for four months beyond the expiration of his [ ] sentence as a result of the State Defendants' actions."); *see also Doe v. Simon*, 221 F.3d 137, 139 (2d Cir. 2000) (where plaintiff objected to a three-month delay in his release due to inability to locate a suitable residence, court refused to "reach the thorny

question of whether a liberty interest exist[s]" in conditional release); *Hayes v. Annucci*, No. 14 CV 8845, 2016 WL 1746109, at *3 (S.D.N.Y. Apr. 29, 2016) ("[T]he Second Circuit has declined to opine on whether New York recognizes a liberty interest in conditional release.").

As a result, trial courts in this district have found that no constitutional interest is implicated by a failure to release an inmate to parole supervision unless the inmate has passed the maximum expiration date of his sentence, which for Plaintiff, is more than a decade away. *See A.C. at Conviction; see also D'Angelo v. Annucci*, No. 16 Civ. 6459, 2017 WL 6514692, at *7 (S.D.N.Y. Dec. 19, 2017) (finding no constitutional violation when inmate was not held beyond maximum expiration date); *Lozada v. Warden Downstate Corr. Facility,* No. 10–CV–8425, 2012 WL 2402069, at *2 (S.D.N.Y. June 26, 2012) (holding that an "additional seven days of incarceration" beyond a prisoner's maximum sentence, "is insufficient to bring an Eighth Amendment claim") (*citing Brims v. Burdi*, No. 03-CV-3159, 2004 WL 1403281, at *2 (S.D.N.Y. June 23, 2004) (holding that six days of imprisonment beyond the plaintiff's maximum sentence "is not a harm of sufficient magnitude to implicate the Eighth Amendment"))*; Calhoun v. New York State Div. of Parole Officers*, 999 F.2d 647, 654 (2d Cir. 1993) (holding that five-days of incarceration past plaintiff's maximum sentence "did not inflict a harm of the magnitude that violates a person's eighth amendment rights") (quotations omitted).

Similarly, state courts, also recognizing that there is no right to release to parole while an inmate is still serving his sentence, focus on whether the inmate is being held past their maximum expiration date. *See People ex rel. Delgado v. Superintendent, Fishkill Corr. Facility*, 65 Misc. 3d 1218(A), 119 N.Y.S.3d 390 (S. Ct. Dutchess Co. Sept. 16, 2019) (holding that "Sexual Offender Registration Act (SORA) and the Sexual Assault Reform Act (SARA), are intended to be civil measures designed as an added protection for the children in our communities and is not intended

to be punitive to the sexual offender" therefore, failure on the part of an inmate to comply with either statutes requirements does not violate a constitutional right of the inmate even if he is held past the maximum expiration of his incarcerated sentence) (citations omitted); *see also People ex rel. Winters v. O'Meara*, 2019 WL 1431244 (S. Ct. St. Lawrence Co. March 28, 2019) (holding ""[i]t is well settled that an individual subject to an unexpired prison term may be held in prison pending the establishment of an approved residence, even though that person is otherwise entitled to be released to parole supervision (*internal citations omitted*)."" (quoting *People ex rel. Durham v. Dep't of Corr. & Cmty. Supervision*, 63 Misc. 3d 192 (S. Ct. Wyoming Co. July 27, 2018), *aff'd sub nom. People ex rel. Durham v. Annucci*, 170 A.D.3d 1634 (4th Dept 2019), *leave to appeal dismissed*, 33 N.Y.3d 1008 (2019).

In any event, according to the New York State Department of Corrections and Community Supervision, Plaintiff's maximum expiration sentence of incarceration expires on November 26, 2035. *See inmate lookup information for Andrew Williams, DIN 85B0689, http://nysdoccslookup.doccs.ny.gov/*. Moreover, and according to the inmate lookup website, Plaintiff was not eligible for a conditional release until November 12, 2018 – over two years prior to the date that the Plaintiff claims he was actually released. *Id. compared to A.C. at Summary* (plaintiff only claims he was held for an additional fifteen months after allegedly being granted his parole in June 2015). Accordingly, as Plaintiff was neither held past his maximum expiration date, or his conditional expiration date, Plaintiff has failed to make out any claim of relief under the Eighth Amendment. *See D'Angelo*, 2017 WL 6514692, at *7; *Francis, 942 F.3d at 150*.

Additionally, Plaintiff's Eighth Amended claim also fails as he has not alleged any non-conclusory allegations that the Defendants acted with a sufficient culpable state of mind to inflict a "the unnecessary and wanton infliction of pain". *Tinsley v. Goord, No. 05 CIV. 3921 (NRB)*,

*2006 WL 2707324, at \*3 (S.D.N.Y. Sept. 20, 2006)* (citations omitted); *see also Francis, 942 F.3d at 150* (dismissing plaintiff's claims of continued confinement because the defendants did not possess a sufficiently "objective seriousness" to constitute a cruel and unusual punishment). In fact, Plaintiff does not allege that either Defendant was responsible for his release or for any delay in his actual release date. Instead, the Plaintiff admits that it was his own voluntary decision to remain incarcerated so that he could obtain a surgery. Plaintiff's voluntary acts to remain incarcerated are fatal to his alleged Eighth Amendment claim and warrant its dismissal on these grounds alone. *See Jones v. Goord*, 435 F. Supp. 2d 221, 238 (S.D.N.Y. 2006) (holding that an inmate's voluntary choices defeat an Eighth Amendment claim as those choices were made by the inmate and not by any "'punishment' imposed by [the] defendants").

Therefore, Plaintiff has failed to allege a cognizable claim under the Eighth Amendment and this claim should be dismissed.

**B.  Plaintiff fails to State a Due Process Claim.**

"[T]o present a due process claim, a plaintiff must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001) (quotations and citation omitted). In this matter, however, Plaintiff cannot maintain a Due Process claim because he cannot identify a liberty interest that was deprived without process. Plaintiff does not and cannot allege that after being granted parole, parole was rescinded. To the contrary, Plaintiff admits that he was released on parole. For this reason alone, Plaintiff's Due Process claim should be dismissed.

In reading Plaintiff's Amended Complaint liberally, it appears he is alleging that he had a liberty interest in his release from incarceration after being granted parole, but as noted above, Plaintiff was neither held past his maximum expiration date or his conditional release date and

therefore, no liberty interest has been implicated. *See supra; see also Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding there "is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence").

To the extent Plaintiff is claiming that he was provided an open release date, the Due Process clause is still not implicated as Plaintiff admits that he was released on parole. *Victory v. Pataki*, 814 F.3d 47, 59 (2016) (describing a parole grantee with an open release date as on a continuum between one released on parole and an inmate without a parole date and requiring Due Process before the parole release decision can be rescinded). Plaintiff only alleges that his release may have been delayed based on a finding of proper housing because of his Sex Offender designation or because he chose to remain incarcerated while he had surgery, but at no time does Plaintiff allege that his parole was rescinded. Accordingly, Plaintiff has failed to establish he was deprived of any liberty interest regarding an open release date, which Plaintiff does not even allege he was provided.

Finally, to the extent Plaintiff is claiming his Due Process rights were violated because of any alleged non-compliance with state law, rules or regulations, such claims must be dismissed as it is well-settled that allegations of this nature do not raise cognizable § 1983 claims. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984) (violation of state statute or regulation does not create liability under § 1983); *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("a violation of state law is not cognizable under § 1983"); *see also, e.g., Holland v. City of New York*, 197 F. Supp. 3d 529, 549 (S.D.N.Y. June 24, 2016) (internal quotation marks and citation omitted) ("An alleged violation of a prison policy, directive, or regulation, in and of itself, does not give rise to a federal claim, because federal constitutional standards rather than state law define the requirements of procedural due process."). Accordingly, Plaintiff has failed to allege any Due Process violation

occurred and this claim should be dismissed.

**C. Plaintiff Fails to State a Retaliation Claim.**

Plaintiff's retaliation claim against the Defendants should be dismissed as the Plaintiff has not plead any allegations, which demonstrate this claim of relief is facially plausible. *See Kassner*, 496 F.3d at 237. The Second Circuit has repeatedly held that a court must assess a claim of retaliation made by an inmate with "skepticism and particular care" because such claims are "easily fabricated" by inmates. *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds, Swierkiewicz v Sorema N.A.,* 534 U.S. 506 (2002). Retaliation claims create a "substantial risk of unwarranted judicial intrusion into matters of general prison administration" because: "virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act. Given that such adversity is an ever-present concomitant of prison life, the opportunities to characterize its manifestations as actionable retaliation are far greater than that for society at large." *Id.* (citations omitted).

As such, Plaintiff has the burden of pleading facts that demonstrate: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) (quoting *Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002)). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Dawes*, 239 F.3d at 493. The "causal connection" element requires Plaintiff to allege more than a mere possibility that an adverse action was related in some

10

way to the protected First Amendment activity. Rather, the Plaintiff must allege facts which, if proven, would permit a jury to conclude that the Plaintiff's protected First Amendment activity was "a substantial or motivating factor" in the prison official's adverse action against the Plaintiff, *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996), which is to say that the adverse action "would not have been taken absent the . . . protected speech." *Salvatierra v. Connolly*, No. 09 Civ. 3722, 2012 WL 996944, at *12 (S.D.N.Y. Feb. 29, 2012), *report and recommendation adopted*, 2012 WL 1003562 (S.D.N.Y. Mar. 26, 2012) (citations omitted).

In this matter, the Plaintiff alleges that he was retaliated against for wanting to stay incarcerated to obtain a surgery prior to his release and because he was a convicted sex offender. *A.C. at Summary*. These conclusory allegations failure to establish any of the required elements that a facially plausible retaliation claim exists in this matter. Specifically, Plaintiff has failed to allege any protected activity that he was engaged in, any non-conclusory allegations of an adverse action that the Defendants allegedly took against the Plaintiff, and any causal connection between the protected speech and the purported action. *See Scott*, 344 F.3d at 287. Instead, the Amended Complaint merely recites the word "retaliation" but only contains conclusory allegations that do not plausibly infer that Defendants took any adverse action against plaintiff. In fact, Plaintiff does not even allege that the Defendants were responsible for his release.

According, Plaintiff's retaliation claim should be dismissed.

**D.  Plaintiff Fails to State an Equal Protection Claim.**

To state an Equal Protection claim under § 1983, "a plaintiff must prove that (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."

*Williams v. King*, 56 F. Supp. 3d 308, 322 (S.D.N.Y. Aug. 11, 2014) (quotations and citation omitted). "A claim of selective application of a facially lawful state regulation requires a showing that: (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992).

Plaintiff alleges that he suffered an unspecified discrimination because he was a sex offender and because he wanted to remain incarcerated to obtain a surgery. *A.C. at Summary*. Plaintiff does not, however, plead that any action purportedly taken by the Defendants was motivated in any way by impermissible considerations or with a malicious intent to injure the Plaintiff. As the Second Circuit held in *Reynolds v. Barrett*, 685 F.3d 193, 204 (2d Cir. 2012), "proof of discriminatory intent is required to show a violation of the Equal Protection Clause", (also holding "purposeful discrimination requires more than intent as volition or intent as awareness of consequences….It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group"); *see also Gagliardi v. Village of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994) ("it is axiomatic that a plaintiff must allege that similarly situated persons have been treated differently"). Nowhere in Plaintiff's Amended Complaint does he allege any facts that would support a claim that the Defendants discriminated against him because of any impermissible criteria. While Plaintiff alleges that he was treated differently than other sex offenders, he has not provided any facts that demonstrate they were sufficiently similarly situated or that they were treated differently.

Accordingly, Plaintiff has failed to sufficiently allege an Equal Protection claim of relief

and this claim should be dismissed.

## POINT II

## PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR LACK OF PERSONAL INVOLVEMENT BY THE DEFENDANTS

Plaintiff's Amended Complaint should be dismissed as the allegations contained in the Amended Complaint are insufficient to establish the personal involvement of the Defendants. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show …the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). In order to demonstrate a defendant's personal involvement for liability under § 1983, the Second Circuit has held that a plaintiff must allege one or more of the following:

> (1) the defendant participated directly in the infraction, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[3]

Here, Plaintiff only alleges conclusory allegations that fail to establish the personal involvement of the Defendants. Plaintiff has also failed to establish the personal involvement of the Defendants because he has not alleged sufficient facts which demonstrate the purported conduct, on behalf of the Defendants, had any effect on Plaintiff's alleged continued incarceration.

---

[3] Courts have debated whether *Ashcroft* altered the *Colon* factors, and Defendants submit that after *Ashcroft* only two of the factors remain viable. *See, e.g., Spear v. Hugles*, No. 08-CV-4026 (SAS), 2009 WL 2176725 (S.D.N.Y. July 20, 2009). Defendants recognize, however, that other Courts have reached a different conclusion. *See Washington v. Melis*, No. 16-CV-6469 (KMK), 2018 WL 2324079, at *3 (S.D.N.Y. May 22, 2018) (*citing Colon*, and *quoting Ashcroft*, 556 U.S. at 676, "'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'").

*See Peterson v. Tomaselli*, 469 F. Supp. 2d 146, 166 (S.D.N.Y. Jan. 16, 2007) (dismissing the complaint where the plaintiff was "unable to show that any of [the defendant's] actions ... caused his extended incarceration"). Rather, the only allegations alleged are: sometime in September 2015, ORC Novoa purportedly informed Plaintiff's stepsister that Plaintiff would not be able to live with her; in March 2016, ORC Novoa allegedly cautioned the Plaintiff about his desire to remain incarcerated to obtain a surgery; and sometime in May 2016, SORC Essex allegedly ignored the Plaintiff and did not report back to him regarding his inquiries (i.e. Plaintiff's complaints). *A.C. at Defendant Novoa & Defendant Essex.* Even if ORC Novoa did find Plaintiff's proposed post release address unacceptable, which Plaintiff does not claim she did, this had no bearing on Plaintiff's alleged continued incarceration as the Plaintiff admits he wanted to remain incarcerated in order to obtain a surgery. *A.C. at Defendant Novoa; see also Peterson,* 469 F. Supp. 2d at 166. Simply put, Plaintiff's own choices to remain incarcerated contradict any claim of personal involvement on the part ORC Novoa and his alleged continued incarceration. Further, ORC Novoa's advice to the Plaintiff to not remain incarcerated counters any argument of her personal involvement regarding any purported constitutional violation in this matter as it is clear she advocated to the Plaintiff that he should opt to be released rather than remain incarcerated. Accordingly,  Plaintiff has failed to establish ORC Novoa's personal involvement in this matter and she should be dismissed.

SORC Essex should also be dismissed from this matter for similar reasons as ORC Novoa, in that Plaintiff has only alleged conclusory allegations that fail to demonstrate SORC Essex's purported conduct contributed to Plaintiff's alleged continued incarceration. *See Peterson,* 469 F. Supp. 2d at 166. Further, Plaintiff's allegations that he complained to SORC Essex also fail to establish SORC Essex's personal involvement as complaints, alone, do not demonstrate the

14

necessary personal involvement. *See Mateo v. Fischer*, 682 F.Supp.2d 423, 430 (S.D.N.Y. Feb. 8, 2010) (holding "the receipt of letters or grievances, by itself, does not amount to personal involvement."); *McIntosh v. United States*, No. 14 Civ. 7889, 2016 WL 1274585, at *16 (S.D.N.Y. Mar. 31, 2016) (Karas, J.) ("mere receipt of a complaint or grievance from an inmate is insufficient to establish personal involvement"). As there are no specific facts alleged that demonstrate SORC Essex's personal involvement, it is clear that he is only in this case because of his supervisory title, which does not demonstrate his personal involvement in this matter. *Hernandez v. Keane*, 341 F.3d 137, 144-45 (2d Cir. 2003) (claim cannot be based on supervisory capacity alone); *see also Lozada*, 2012 WL 2402069, at *3 (dismissing plaintiff's prolonged incarceration claim against a warden because "[a] prison official cannot be personally liable under § 1983 on the basis of respondeat superior," and the complaint "fail[ed] to allege [the defendant's] direct involvement" in the prolonged incarceration). Accordingly, SORC Essex should also be dismissed form this matter for lack of personal involvement.

To the extent Plaintiff is also alleging the Defendants acted with deliberate indifference to his timely release, *A.C. at Summary*, Plaintiff's "[c]onclusory allegations of constitutional violations without factual underpinnings are not sufficient to prevail on a Section 1983 claim", *see Crichlow v. Fischer*, No. 12 Civ. 7774, 2015 WL 678725, at *6 (S.D.N.Y. Feb. 17, 2015) ("Plaintiff fails to allege *specific* facts regarding violations by most of the defendants named, even if their names appear somewhere within the text of the complaint"). Therefore, as Plaintiff has failed to establish the Defendants' personal involvement in any constitutional violation, the Defendants should be dismissed from this matter. *See Terranova v. N.Y. State Dep't of Corrs. & Comm. Supervision*, 268 F. Supp. 3d 453, 457 (W.D.N.Y. Aug. 3, 2017) (dismissing plaintiff's claims because they were "at best, conclusory and fail[ed] to raise the specter of relief beyond the

speculative level").

## POINT III

### PLAINTIFF'S STATE-LAW CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY STATE LAW

Although not specifically plead, to the extent that Plaintiff is attempting to assert any State Law claims, such as negligence, or recklessness, those claims must be dismissed. New York State Correction Law § 24 bars state-law claims brought in federal court against employees of New York State Department of Corrections and Community Services ("DOCCS") acting within the scope of their employment. *See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996). The Defendants, at the time of the alleged incidents, were employees of the DOCCS. The claims are alleged to involve the Defendants through their employment as DOCCS employees. Accordingly, Plaintiff's state-law claims against the Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g., Olutosin v. Lee, No. 14-CV-685 (NSR), 2016 WL 2899275, at \*12 (S.D.N.Y. May 16, 2016)* (dismissing state law claims for assault, battery, and negligence because they were barred by Correction Law § 24); *Ciaprazi v. Jacobson*, No. 13-cv-4813 (PAC), 2014 2014 WL 5050591, at \*2 (S.D.N.Y. Sept. 22, 2014) ("It is well settled that state claims brought in federal court under supplemental jurisdiction against correctional employees acting within the scope of their employment must be dismissed given the preclusive effect of Correction Law § 24.") (citing *Baker*, 77 F.3d at 15).

## POINT IV

### PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE ELEVENTH AMENDMENT

Plaintiff seeks compensatory damages against the Defendants in their official capacities. *A.C. at Relief*. The Eleventh Amendment, however, precludes lawsuits by a citizen of a state

16

against that state or its agencies, absent the state's consent or a statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well settled that Congress did not intend to abrogate sovereign immunity when it enacted § 1983. *See Quern v. Jordan*, 440 U.S. 332, 343-44 (1979). Thus, Plaintiff's claim for damages against the Defendants in their official capacities should be dismissed under Fed. R. Civ. P. 12(b)(1). *See Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of § 1983 claims for damages against state officials in their official capacities on Eleventh Amendment grounds).

## POINT V

## DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Two separate questions are presented in deciding whether qualified immunity applies. First, it must be determined whether the Plaintiff's factual allegations, accepted as true, are sufficient to show that the Defendants have violated a clearly established federally protected right of the Plaintiff. If they do not, the Defendants are entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). Second, even if the factual allegations show the violation of a federal right, the Defendants are still entitled to qualified immunity if it would not have been clear, to a reasonable official, that the actions the Defendants are alleged to have taken violated Plaintiff's clearly-established rights. *Pearson*, 555 U.S. at 231-32. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creigton*, 483 U.S. 635, 640 (1987). Where "officers of reasonable competence could disagree on this issue, immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The Court has discretion to perform the qualified immunity analysis in the order deemed most appropriate in light of the circumstances at hand. *Pearson*, 555 U.S. at 241-43 (*overruling in part Saucier v. Katz*, 533 U.S.

194 (2001)).

The Defendants in this matter are entitled to qualified immunity. There is no clearly established law that a prison inmate has a liberty interest in a conditional release from prison. *See Hayes,* 2016 WL 1746109, at *3 (citing *Doe,* 221 F.3d at 139). Even if Plaintiff was provided an open date release, as outlined above, *see supra,* the Defendants did not violate any of Plaintiff's federally protected rights associated with an open release date, and are, therefore, entitled to qualified immunity. Moreover, and even assuming, *arguendo,* that the Plaintiff was able to meet the first prong, the Defendants are still entitled to qualified immunity as the Plaintiff has failed to establish that reasonable officers, in the positions of the Defendants, would have believed that any of the alleged acts that the Defendants took violate any of the Plaintiff's constitutional rights. Specifically, Plaintiff's admission that he wanted to remain incarcerated, even though he was cautioned against doing so, is contradictory to his allegation that ORC Novoa violated any of his constitutional rights or that her actions, including warning Plaintiff about remaining incarcerated, were unreasonable. Likewise, even if SORC Essex ignored Plaintiff or failed to respond to his complaints is not unreasonable in light of the fact that there is a formal grievance process which Plaintiff should have utilized. *See Macias v. Zenk*, 495 F.3d 37, 40 (2d Cir. 2007) (rejecting the position that plaintiff's informal complaints put the prison officials on notice of the nature of their grievance). Therefore, Plaintiff has failed to establish that any action purportedly taken by the Defendants was unreasonable and that it contributed to Plaintiff's alleged continued incarceration. *Peterson*, 469 F. Supp. 2d at 165–66. Accordingly, for the same reasons asserted *supra,* the claims in Plaintiff's Amended Complaint are materially defective and should be dismissed as the Defendants are entitled to qualified immunity.

## POINT VI

## PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF SHOULD BE DISMISSED

Where a Plaintiff's federal civil rights claims are dismissed, declaratory relief claims must also be dismissed. *See, e.g., Porat v. Lincoln Towers Community Ass'n.*, No. 04-cv-3199 (LAP), 2005 WL 646093, at *7 (S.D.N.Y. Mar. 17, 2005) ("[A]ll of Plaintiff's federal claims are dismissed on the ground that he has not adequately pleaded them.  Because there is no other basis for federal jurisdiction, the declaratory judgment claim is dismissed").  Here, Plaintiff's § 1983 claims should be dismissed for the reasons discussed above. Accordingly, Plaintiff's claims for declaratory judgment relief should also be dismissed as well.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that the Court dismiss this action in its entirety with prejudice.

Dated:  New York, New York

August 7, 2020

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York
*Attorney for Served Defendants*
By:

*S/ John R. Doran*
John R. Doran
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8591
John.Doran@ag.ny.gov

19