UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW WILLIAMS,

                              Plaintiff,

                 -against-

E. NOVOA, ORC, et al.,

                              Defendants.

**ORDER OF SERVICE**

19-CV-11545 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Andrew Williams ("Plaintiff"), proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action under 42 U.S.C. § 1983 against a number of employees from the New York State Department of Corrections and Community Supervision in connection with his delayed release from incarceration in December 2016.

On May 21, 2020, Plaintiff filed an Amended Complaint, which added six individual Defendants (R. Watkins, Steve Whitbeck, Dawn Amsler, Edwin Elffied, Mark Osborne, Stephen Webster) and the New York State Board of Examiners for Sex Offenders ("Board"). (Doc. 14). In a June 18, 2020 Order of Service, the Court dismissed the Board by operation of the Eleventh Amendment, but directed service on Whitbeck, Amsler, Elffied, Osborne, Webster, and F. Foster—a Defendant upon whom service of the Complaint was attempted but unsuccessful. (Doc. 18). Upon review of the docket, it does not appear that service upon these individuals was attempted.

**A.      SERVICE ON DEFENDANT FOSTER**

On February 4, 2020, a U.S. Marshal's Process Receipt and Return of Service form was filed, reflecting that service was unsuccessful as to Foster because she is no longer employed at

Woodbourne Correctional Facility. (Doc. No. 9). The Court therefore directs that Foster be served at Ulster Correctional Facility, where she reportedly now works.

**B.      SERVICE ON NEW INDIVIDUAL DEFENDANTS**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date that summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants R. Watkins, Steve Whitbeck, Dawn Amsler, Edwin Elffied, Mark Osborne, Stephen Webster through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants using the addresses annexed to this Order. The Clerk of Court is instructed further to issue a summons and deliver to the Marshals Service all the

paperwork necessary for the Marshals Service to effect service of the Amended Complaint (Doc. 14) upon each of these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Clerk of Court is respectfully instructed to complete the USM-285 forms with the addresses for F. Foster, R. Watkins, Steve Whitbeck, Dawn Amsler, Edwin Elffied, Mark Osborne, Stephen Webster as reflected on the following page, and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is instructed further to mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated:   New York, New York
          February 5, 2021

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.    F. Foster
      Ulster Correctional Facility
      750 Berme Rd.
      Napanoch, NY 12458

2.    R. Watkins
      Woodbourne Correctional Facility
      99 Prison Road
      P.O. Box 1000
      Woodbourne, NY 12788

3.    Steve Whitbeck
      New York State Division of Criminal Justice Services
      4 Tower Place
      Albany, NY 12203

4.    Dawn Amsler
      New York State Division of Criminal Justice Services
      4 Tower Place
      Albany, NY 12203

5.    Edwin Elffied
      New York State Division of Criminal Justice Services
      4 Tower Place
      Albany, NY 12203

6.    Mark Osborne
      New York State Division of Criminal Justice Services
      4 Tower Place
      Albany, NY 12203

7.    Stephen Webster
      New York State Division of Criminal Justice Services
      4 Tower Place
      Albany, NY 12203